Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1655 | **DATE** | 11/10/2010 |
| **CASE TITLE** | Matthews vs. McDonald's Corporation, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion [24] filed by Defendants McDonald's Corporation and "Joe Paris et al." to vacate this Court's order of September 30, 2010 entering an order of default against Defendants [20] is granted. Accordingly, the order of default [20] is vacated. Defendants are given 30 days from the date of this order to answer or otherwise plead to Plaintiff's complaint.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

This Court received Plaintiff Kevin Matthews' (Plaintiff's) *pro se* complaint against McDonald's Corporation and "Joe Paris et al." (collectively "McDonald's) on March 15, 2010 [1]. The same day, Plaintiff also filed for leave to proceed *in forma pauperis* and moved the Court for appointment of counsel. On March 25, 2010, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* and denied his motion for appointment of counsel [6]. Plaintiff filed his complaint [7] on March 25.

Plaintiff successfully executed service on McDonald's on August 19, 2010 [15], making McDonald's deadline to file a responsive pleading due on or before September 9, 2010.

On September 13, 2010, Plaintiff filed a motion for default judgment against McDonald's [16]. The Court struck Plaintiff's motion without prejudice on September 23, 2010, and Plaintiff filed a renewed motion the same day [19]. Plaintiff maintains that he served McDonald's with notice of the motion for default judgment; McDonald's contends that it has no record of receiving such notice. McDonald's Motion to Vacate Default [24] at ¶ 8. On September 30, the Court granted Plaintiff's motion in part, entering an order of default against McDonald's and scheduling a hearing for Plaintiff to prove up his damages [20]. In its motion to vacate, McDonald's contends that it became aware of Plaintiff's complaint on the morning of October 4, 2010, and moved to vacate the default later that day. Motion at ¶ 10.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Here, we are concerned only with Rule 55(c) because the Court did not enter a final default judgment awarding damages to Plaintiff. See *Merrill Lynch Mortgage Corp. v. Narayan,* 908 F.2d 246, 252 (7th Cir. 1990). A party seeking to vacate an entry of default under Rule 55(c) must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir.

| STATEMENT |
|---|

2009) (citations omitted). All three requirements must be met. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46-47 (7th Cir. 1994). As long as the movant seeking timely relief has a meritorious defense, doubt should be resolved in favor of a motion to set aside the judgment. *Flexicorps, Inc. v. Beck*, 2003 WL 223441, *2 (N.D. Ill. Jan. 31, 2003) (quoting 11 Charles Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2857, at 258 (2d ed.1995)). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *Cracco*, 559 F.3d at 631 (citing *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). In addition, the Seventh Circuit has articulated a policy of favoring trial on the merits over default judgment. *Id.* (citing cases).

The Court has carefully considered McDonald's motion to vacate default [24], plaintiff's opposition [26] and McDonald's reply [28] and concludes that McDonald's has made the showing of "good cause" required for the Court to set aside an entry of default consistent with Rule 55(c) and the relevant case law.

First, McDonald's has shown that "excusable neglect" was the cause for the default. A showing of "excusable neglect" can establish good cause for default. See, *e.g. Medline Industries, Inc. v. Medline Rx Financial, LLC*, 218 F.R.D. 170, 172 (N.D. Ill. 2003) (citing *Robb v. Norfolk & Western R.R. Co.*, 122 F.3d 354, 359 (7th Cir. 1997)). Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). McDonald's asserts that it receives hundreds of notifications of cases pending against it each year and has established processes for responding to such matters. The vast majority of the time, contends McDonald's, the processes work and McDonald's is able to timely meet its pleading obligations. In this instance, however, McDonald's explains that the employee who received Plaintiff's complaint was relatively new to the McDonald's law department and had only temporarily assumed the responsibility of receiving complaints. Motion at ¶ 20. McDonald's further explains that the employee failed to follow McDonald's protocol for receiving complaints because the employee was overwhelmed with the volume of work which had fallen on her and was preoccupied with the illness of a close member of her immediate family. *Id.* Because "negligence" of one of its employees was the cause of the missed deadline, McDonald's has demonstrated good cause for the default. See, *e.g.*, *Pioneer Inv. Servs.*, 507 U.S. at 394; *Flexicorps*, 2003 WL 223441, at *2.

Second, McDonald's undoubtedly showed quick action to remedy the default. McDonald's filed the instant motion on the same day that it learned of the default. Relevant here is McDonald's contention that it did not receive a copy of Plaintiff's motion for default or notice of when the motion would be presented to this Court.

Third, McDonald's has shown that it has at least two potentially meritorious defenses to Plaintiff's lawsuit. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Sullivan v. General Plumbing, Inc.*, 2007 WL 1030236, at *4 (N.D. Ill. March 31, 2007) (quoting *Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir.1994)). Such a defense requires more than a "general denial" and "bare legal conclusions." *Id.* (citing *Pretzel & Stouffer,* 28 F.3d at 46). Here, McDonald's asserts at least two plausible defenses to Plaintiff's complaint. First, McDonald's argues that the record suggests that the claim may be time-barred. Second, McDonald's contends that its own initial internal investigation of Plaintiff's allegations (which, albeit was conducted in less than a day) shows that Plaintiff's termination was the result of excessive absenteeism, not racial animus. Although the Court by no means suggests that it is prejudging either argument, the Court notes that either of these asserted defenses, if successful, would end the litigation in favor of McDonald's and against Plaintiff.

| STATEMENT |
|---|

The defenses appear sufficiently meritorious to satisfy the standard articulated above.

Finally, the transcript of the September 30 status hearing before this Court reflects Plaintiff's expression of consternation that McDonald's had not appeared to answer his allegations and repeated statements that he would "prefer them to appear." Because McDonald's has satisfied the criteria for setting aside an order of default under Rule 55, it will indeed have an opportunity to answer Plaintiff's complaint.

McDonald's is given 30 days from the date of this order to answer or otherwise plead to Plaintiff's complaint. Federal Rule of Civil Procedure 6(b) provides that when an act may or must be done within a specified time, courts may, for good cause, extend the time "after the time has expired if the party failed to act because of excusable neglect." Interpreting identical language, the Supreme Court found that the determination of whether a court should allow a late filing "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Such factors include "the danger of prejudice * * *, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. The Court already has concluded that McDonald's failure to timely respond to Plaintiff's complaint was excusable neglect and there is no suggestion that McDonald's acted in bad faith. Plaintiff has not identified any way in which he has been prejudiced by McDonald's mistake, nor is the Court aware of any way in which the delay has materially affected any party's ability to fairly litigate this lawsuit. Accordingly, an extension of 30 days is reasonable and appropriate.